F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 20 2011

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00562-BNB

WALTER R. DIXON,

    Plaintiff,

v.

MS. RUIZ,
PEGGY HEIL, and
STEVE HARTLEY,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Walter R. Dixon, is in the custody of the Colorado Department of Corrections and is currently incarcerated at the Colorado Territorial Correctional Facility in Canon City, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on March 7, 2011. He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

    The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading

requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Dixon will be directed to file an amended complaint.

Mr. Dixon asserts two claims. In general, he alleges that he has been denied the right to participate in the Sex Offender Treatment and Monitoring Program (SOTMP) because of his disability. Mr. Dixon argues that he suffers from epileptic seizures and is medically restricted from climbing stairs, but that the SOTMP at his facility is on the second floor. Therefore, Mr. Dixon asserts that he is unable to participate in the SOTMP and that Defendants have refused to accommodate his disability, in violation of the Americans with Disabilities Act. Mr. Dixon also asserts that his rights under the Eighth Amendment have been violated. However, Mr. Dixon fails to demonstrate the personal participation of each named Defendant.

Personal participation by the named defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Dixon must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such Director Peggy Heil or Warden Steve Hartley, may not be held liable merely because of his or her supervisory position. *See*

*Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Dixon fails to assert how each Defendant personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Dixon may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Dixon uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, Walter R. Dixon, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

3

FURTHER ORDERED that the clerk of the Court mail to Mr. Dixon, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Dixon fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 20, 2011, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00562-BNB

Walter R Dixon
Prisoner No. 147566
Colorado Territorial Correctional Facility
PO Box 1010
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on April 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk