FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 2 5 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00562-BNB

WALTER R. DIXON,

      Plaintiff,

v.

MS. RUIZ,
PEGGY HEIL, and
STEVE HARTLEY,

      Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Walter R. Dixon, is a prisoner in the custody of the Colorado Department
of Corrections and is currently incarcerated at the Colorado Territorial Correctional
Facility (CTCF) in Canon City, Colorado.  Mr. Dixon initiated this action by filing a ***pro se***
prisoner complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.  He has been
granted leave to proceed ***in forma pauperis*** with payment of an initial partial filing fee.

On April 20, 2011, Magistrate Judge Boyd N. Boland determined that the
prisoner complaint was deficient because it failed to allege the personal participation of
all named Defendants.  Accordingly, Magistrate Judge Boland directed Mr. Dixon to file
an amended prisoner complaint within thirty days.  Mr. Dixon submitted an amended
complaint on May 18, 2011.

The Court must construe the amended complaint liberally because Mr. Dixon is

1

not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint

reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the

Court] should do so despite the plaintiff's failure to cite proper legal authority, his

confusion of various legal theories, his poor syntax and sentence construction, or his

unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court

should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended

complaint because Mr. Dixon is a prisoner and some of the Defendants are officers or

employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to

dismiss the complaint, or any portion of the complaint, that is frivolous.  A legally

frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

clearly does not exist or asserts facts that do not support an arguable claim. *See*

*Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Mr. Dixon asserts three claims in the amended complaint.  He alleges that he

was convicted of a sexual offense and is required to participate in the Sex Offender

Treatment and Monitoring Program (SOTMP) in order to be eligible for parole.  He

asserts that the SOTMP at the Arkansas Valley Correctional Facility (AVCF) is held on

the second floor, but he is medically restricted from climbing stairs because he suffers

from epileptic seizures.  Mr. Dixon argues that Defendants at the AVCF refused to

accommodate his disability in violation of the Americans with Disabilities Act (ADA). Mr.

Dixon seeks monetary damages in addition to injunctive relief.

The Court notes that Mr. Dixon is suing Defendant Warden Steve Hartley because the Warden allegedly is responsible for the constitutional violations committed by other individuals.  Mr. Dixon asserts that Defendant Hartley "became deliberate [sic] indifferent when he allowed the SOTMP to be placed on the second tier, where the handicap [sic] would not be able to access the program."  Amended Complaint at 5.  Mr. Dixon fails to demonstrate that Defendant Hartley had any actual involvement in the location of the SOTMP on the second floor or that Defendant Hartley had any knowledge that inmates with disabilities were prevented from accessing the SOTMP on the second floor.

Therefore, Mr. Dixon's allegations fail to establish the personal participation of Defendant Hartley.  Mr. Dixon was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A Defendant may not be held liable on a theory of *respondeat superior*.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Mr. Dixon has failed to allege an affirmative link between the alleged

3

constitutional violations and Defendant Hartley.  Because Mr. Dixon fails to assert that

Defendant Hartley personally participated in violating his constitutional rights, Defendant

Hartley is an improper party to the action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the

Court has determined that Mr. Dixon's claims do not appear to be appropriate for

summary dismissal and that the case should be drawn to a district judge and to a

magistrate judge.  *See* D.C.COLO.LCivR 8.2D.  Accordingly, it is

ORDERED that Defendant Steve Hartley is dismissed as a party to this action.  It

is

FURTHER ORDERED that this case shall be drawn to a district judge and to a

magistrate judge.

DATED at Denver, Colorado, this __25th__ day of _____May_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00562-BNB

Walter R Dixon
Prisoner No.  147566
Colorado Territorial Correctional Facility
PO Box 1010
Canon City, CO 81215

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on May 25, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
               Deputy Clerk